# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TRANSCONTINENTAL GAS PIPE LINE )
COMPANY, LLC, )
                                           **Plaintiff,** )
                                                                          )
v. ) Case No. 18-CV-0445-CVE-FHM
                                                                          )
KIBBY WELDING, LLC, )
                                           **Defendant.** )

## OPINION AND ORDER

Now before the Court are the following motions: Plaintiff Transcontinental Gas Pipe Line Company, LLC's Partial Motion to Dismiss Defendant's First Amended Counterclaim for Failure to State a Claim and Brief in Support (Dkt. # 26); Plaintiff Transcontinental Gas Pipe Line Company, LLC's Motion to Strike Defendant's Jury Demand and Brief in Support (Dkt. # 27); and Defendant's Motion for Leave to Amend Counterclaim (Dkt. # 31).

## I.

On August 28, 2018, Transcontinental Gas Pipe Line Company, LLC (Transco) filed this case alleging that Kibby Welding, LLC (Kibby) breached a construction contract. Dkt. # 2. Transco has filed an amended complaint (Dkt. # 22) and this is now the operative pleading. The amended complaint alleges claims of breach of contract (counts one and two) and indemnification (count three), and Transco also seeks declaratory and injunctive relief (count four) and an accounting of amounts paid to subcontractors by Kibby (count five).

Transco states that it is an interstate pipeline company, and Transco entered a contract with Kibby for work on a section of pipeline located in Virginia. Dkt. # 22, at 2. Transco agreed to pay

Kibby $4,058,500 to make modifications and replace components on a section of pipeline. Id. The contract required Kibby to submit a performance and payment bond upon a written request by Transco. Id. Transco claims that it submitted written requests for a performance and payment bond from Kibby on January 2, 8, and 17, 2018, but Kibby failed to furnish a bond as required by the contract. Id. at 3. The contract requires Kibby to "keep the property and Work free and clear of all liens, claims, security interests and encumbrances arising from the performance of the Work and this Contract." Dkt. # 22-1, at 27. Numerous liens have been filed against Transco by subcontractors of Kibby totaling $2,894,600.97, and Transco believes that Kibby has failed to pay other subcontractors who have not yet filed liens. Dkt. # 22, at 4. In addition, Kibby has also filed liens against Transco's property in the amount of $4,421,849.28, and Transco claims that these liens were filed in breach of the parties' contract. Id. Transco has demanded that Kibby release its lien and Kibby has refused. Id.

The contract provides a final completion date of June 17, 2018 and requires Kibby to meet certain "Key Milestone Performance Dates." Id. Transco alleges that Kibby failed to meet any of the performance deadlines and that the work remains uncompleted as of the filing of the amended complaint. On August 7, 2018, Transco sent a letter notifying Kibby of Transco's intent to terminate the contract for cause. Id. at 5. Transco acknowledges that Kibby has submitted requests for payments for extra work, but Transco claims that the extra work "was not consistent with the Contract requirements, was not supported by appropriate documentation and was due to Kibby's self-inflicted wounds, including its own delays, inefficiencies and inability to perform the Work." Id. at 5-6. Transco states that the parties were unable to informally resolve their dispute, and Transco filed this case seeking damages in excess of $75,000 and injunctive and declaratory relief.

Kibby filed an answer to the original complaint and also asserted counterclaims against Transco. Transco filed an amended complaint and Kibby filed an amended answer and counterclaims. Kibby's original and amended answers both contain a jury demand. Kibby states that it is a welding company and has periodically worked for Transco for about eight years. Dkt. # 25, at 2. Kibby states that the contract required it to "provide welding services needed in conjunction with several trap modifications, valve replacements, [Department of Transportation] retesting, tap abandonments, and pipeline replacements" in Charlottesville, Virginia. Id. In more general terms, Kibby claims that it performed welding at tie-ins along the pipeline and connected various pieces of the pipeline. Id. Kibby made a bid of $4,058,500 based on its understanding of the work to be performed, and Kibby claims that its bid was based on a belief that there were no bends in the pipeline and that there would be no matching of different types of pipe. Id.

Kibby claims that it began its work and encountered a bend in the pipeline at the first tie-in it was asked to weld, and Kibby claims that Transco delayed in directing Kibby how to proceed. Id. at 3. Kibby blames Transco for any delays in completing the work required by the parties' contract, and Kibby claims that the scope of work was more time-consuming and expensive than contemplated in its bid for the contract. Id. Kibby disputes Transco's assertion that Kibby failed to complete the contract work, and Kibby claims that it achieved "mechanical completion" in July 2018. Id. at 4. Kibby further claims that Transco tacitly or impliedly approved extra work requests and allowed Kibby to go forward with work outside the scope of the contract. Id. Kibby alleges that Transco has denied its extra work requests and change orders, even though Transco impliedly approved such request or change orders. Id. Kibby asserts counterclaims of breach of contract, fraud, unjust enrichment, and interference with business relationships.

**II.**

Transco argues that Kibby's counterclaims for fraud and unjust enrichment should be dismissed, because the parties' relationship is governed by an enforceable contract and these alternative claims seek the same relief that Kibby could recover for breach of contract. Dkt. # 26. Kibby responds that it is permitted to plead alternative claims of breach of contract and unjust enrichment, and Kibby asserts that it has alleged a plausible claim of constructive fraud based on the non-disclosure of material facts. Dkt. # 33.

**A.**

Kibby argues that it is permitted to plead alternative claims of fraud and breach of contract, even though it acknowledges that it may not receive double recovery on both claims. Dkt. # 33, at 8. Kibby cites Specialty Beverages, LLC v. Pabst Brewing Co., 537 F.3d 1165 (10th Cir. 2008), for the proposition that Oklahoma law permits a party to proceed with claims for breach of contract and fraud at the pleading stage. However, a party may not allege breach of contract and fraud claims based on identical facts, and the claims must be sufficiently distinct in order for a party to simultaneously maintain claims for breach of contract and fraud. Horton v. Bank of America, 189 F. Supp. 3d 1286, 1290-91 (N.D. Okla. 2016); Atkinson, Haskins, Nellis, Brittingham, Gladd & Fiasco, P.C. v. Oceanus Ins. Group, 2014 WL 3891267, *5 (N.D. Okla. Aug. 7, 2014); McGregor v. National Steak Processors, Inc., 2012 WL 314059, *3 (N.D. Okla. Feb. 1, 2012). A party who elects to sue for breach of contract cannot bring a fraud claim unless the "tortious act is sufficiently independent of the breach of contract." McKnight v. Marathon Oil Co., 2017 WL 1628981, *2 (W.D. Okla. May 1, 2017). In addition, "the fraud must have resulted in damages greater than those

4

caused by the breach of contract alone." West v. Ditech Financial LLC, 2016 WL 3200296, *4 (W.D. Okla. June 8, 2016).

Kibby alleges that it made a bid of $4,058,500 for the contract work based on its "belief that there were no bends in the pipe or matching different types of pipe together . . . ." Dkt. # 25, at 2. When Kibby began working, the first tie-in that Kibby was asked to weld had a bend in the pipe, and Kibby claims that the bend in the pipe was not disclosed during contract negotiations. Id. at 3. Kibby blames Transco for any delays in completing the work, because Transco failed to timely respond to Kibby's request for additional direction concerning how to proceed with welding at the bend in the pipe. Id. Transco allegedly delayed in approving Kibby's requests to obtain additional parts as Kibby encountered more bends in the pipe or attempted to weld pipes made of different materials. Id. In support of its breach of contract counterclaim, Kibby alleges that it submitted extra work requests and change orders pursuant to the contract, and Kibby claims that Transco provided assistance in putting the requests in the proper format. Id. at 4. Transco allegedly took no action to stop Kibby from performing additional work and incurring extra costs, and Kibby claims that Transco breached the contract by refusing to pay Kibby's extra cost requests and change orders. Id. Kibby seeks damages for breach of contract for these additional costs it incurred to complete the contract work. Id. at 4-5. As to Kibby's fraud counterclaim, Kibby claims that Transco was aware or should have been aware of bends in the pipeline and the existence of non-matching pipes, and Kibby claims that Transco had a duty to disclose this information as part of the bidding process. Id. at 5. Kibby believes that Transco purposefully withheld this information to obtain lower bids for the work, even though it knew that the subcontractor would incur additional expenses in completing the work. Id. Kibby alleges that Transco intended to deny extra work requests or change orders and

force Kibby to complete the contract work even at bidding stage of contract negotiations, and Kibby claims that it was harmed by having to hire more workers and purchase additional parts to complete the work. Id. at 6.

After reviewing the allegations of Kibby's amended counterclaims, the Court finds no significant distinction between the facts supporting Kibby's breach of contract and fraud counterclaims. The key fact supporting both the breach of contract and fraud counterclaims is that Transco failed to disclose the existence of bends in the pipeline and non-matching pipes during contract negotiations. Kibby claims that this resulted in the submission of a bid that was too low for the necessary work, and Kibby was forced to incur unexpected expenses to complete the contract work. The harm for the breach of contract and fraud claims is that Transco denied Kibby's extra work requests and change orders, and the amended counterclaims make no distinction between the damages sought for breach of contract and fraud. Kibby has elected to proceed with a breach of contract counterclaim against Transco, and it may not proceed with a duplicative fraud claim for the same damages. Kibby cites Specialty Beverage, LLC for the proposition that it may simultaneously proceed with breach of contract and fraud counterclaims, and that Oklahoma rules of procedure allow for the pleading of alternative or inconsistent remedies. Dkt. # 33, at 5. However, the Tenth Circuit specifically cautioned that a party may not obtain a double recovery and there must be separate bases for recovery to support claims of breach of contract and fraud. Specialty Beverage, LLC, 537 F.3d at 1180 n.12. The factual basis for Kibby's breach of contract and fraud claims is essentially identical and Kibby's amended counterclaims do not suggest that there are any damages it seeks for its fraud counterclaim that cannot be recovered as part of its breach of contract

counterclaim. Any damages awarded on Kibby's fraud counterclaim would represent a double recovery, and Transco's motion to dismiss (Dkt. # 26) is granted as to Kibby's fraud counterclaim.

**B.**

Transco also asks the Court to dismiss Kibby's counterclaim for unjust enrichment, because Kibby has an adequate remedy at law by means of a breach of contract counterclaim. "Unjust enrichment is a condition which results from the failure of a party to make restitution in circumstances where it is inequitable; i.e., the party has money in its hands that, in equity and good conscience, it should not be allowed to retain." Harvell v. Goodyear Tire & Rubber Co., 164 P.3d 1028, 1035 (Okla. 2006). However, courts will not ordinarily exercise their authority to grant equitable relief when a party has an adequate remedy at law. Id. The Oklahoma Supreme Court has stated that the elements of an unjust enrichment claim are "(1) the unjust (2) retention of (3) a benefit received (4) at the expense of another." Oklahoma Dep't of Securities ex rel. Faught v. Blair, 231 P.3d 645, 658 (Okla. 2010). Some federal district courts located in Oklahoma have found that Oklahoma law does not permit a party to assert a claim for unjust enrichment when the party can obtain complete relief for breach of contract. Horton v. Bank of America, N.A., 189 F. Supp.3d 1286 (N.D. Okla. 2016); Naylor Farms, Inc. v. Anadarko OGC Co., 2011 WL 7267851, *1 (June 15, 2011).

Plaintiff cites Burlington Northern and Sante Fe Ry. Co. v. Grant, 505 F.3d 1013 (10th Cir. 2007), and argues that the Tenth Circuit has interpreted Oklahoma law to allow for the pleading of alternative breach of contract and unjust enrichment claims. Dkt. # 33, at 2. As a pleading matter, Burlington Northern does allow for the pleading of an unjust enrichment claim as an alternative theory of recovery, as long the plaintiff does not seek to obtain a double recovery for the same injury.

7

Id. at 1030. Transco's argument is actually more limited than plaintiff would suggest, and Transco does not argue that the pleading of an unjust enrichment claims is always prohibited when a party pleads other claims. Instead, Transco argues that Kibby does not have a viable unjust enrichment claim when it does not dispute that the parties's relationship is governed by a valid contract. Dkt. # 34, at 3.

Kibby's unjust enrichment claim seeks recovery for the work it was required to perform under the parties' contract, and Kibby does not allege that Transco has refused to pay the contract amount. Kibby has cited no authority suggesting that there is anything inherently unjust or inequitable about a party to a contract holding another party to the amount agreed upon in an enforceable contract. Kibby alleges that the work to be performed under the contract was significantly more involved than the specifications disclosed by Transco when soliciting bids for the work. Dkt. # 25, at 3-4. However, there is no dispute that the parties' relationship is governed by a written contract, and the parties agree that the contract provided a mechanism for Kibby to seek reimbursement for extra work not contemplated when the parties entered the contract. Although Kibby's extra work requests were denied, Kibby seeks to recover these amounts by means of its breach of contract counterclaim, and Kibby has an adequate remedy at law to seek what it believes is full compensation for its work. There are circumstances where it may be permissible for a party to allege breach of contract and unjust enrichment claims in a single pleading, but this is not such a case. The Court finds that Kibby's unjust enrichment claim should be dismissed.

C.

Kibby requests leave to amend its counterclaims to allege additional facts in support of its counterclaims. Dkt. # 31, at 2. Kibby does not specify what additional facts it intends to allege, but

8

it appears that Kibby intends to supplement its factual allegations in response to the motion to dismiss. Id. Transco argues that Kibby's motion to amend should be denied, because Kibby has failed to disclose what additional facts would be included in its amended counterclaims and any amendment would be futile. Dkt. # 36.

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." Duncan v. Manager, Dep't of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

The Court finds that Kibby's motion to amend (Dkt. # 31) its counterclaims should be denied. The Court has determined that Kibby's fraud and unjust enrichment counterclaims should be dismissed due to the duplicative nature of the counterclaims, and Kibby's motion to amend does not provide any basis to suggest that Kibby could cure this problem in an amended pleading. Kibby claims that it could "provide additional factual detail" in support of its claims, but Kibby has not identified any specific facts that would be included in its amended counterclaims. The Court also

9

cannot determine from Kibby's motion to amend if the additional facts were in Kibby's possession when it filed its amended counterclaims (Dkt. # 25) or if these facts were actually unavailable to Kibby. It appears that motion to amend is primarily a request to re-characterize its fraud and unjust enrichment claims to avoid dismissal, but this is not a permissible basis to allow a party to amend its pleadings. Voorhis v. BOK Financial Corp., 2013 WL 5937395, *4 (N.D. Okla. Nov. 4, 2013).

**III.**

Transco argues that the parties' contract contains a waiver of both parties' right to a jury trial for claims concerning the performance or non-performance under the contract, and Transco asserts that the waiver is enforceable as a matter of federal law. Dkt. # 27. Kibby responds that Oklahoma is more protective of the right to a jury trial than federal law, and Kibby asks the Court to defer to state law that allegedly invalidates any contractual waiver of the right to a jury trial. Dkt. # 32.

The Seventh Amendment to the United States Constitution provides a right to a jury trial in many civil cases. The right to a jury trial in federal court is governed by federal law and, as a matter of federal law, contractual agreements waiving the right to a jury trial are "neither illegal nor contrary to public policy." Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835, 837 (10th Cir. 1988). A waiver of the right to jury trial in enforceable if the waiver knowing and voluntary. Branta, LLC v. Newfield Prod. Co., 2017 WL 1435882, *2 (D. Colo. Apr. 24, 2017). The Tenth Circuit has not provided any specific factors that must be used to determine if a waiver is knowing and voluntary, but district courts have considered

> (1) whether the clause containing the waiver was conspicuous; (2) whether there was a gross disparity in bargaining power between the parties; (3) the business or professional experience of the party opposing the waiver; and (4) whether the party opposing the waiver had an opportunity to negotiate the contract terms."

10

Walker v. SC Realty Servs., Inc., 2016 WL 4245487 (D. Kan. Aug. 11, 2016). These factors can be important in deciding whether a waiver of jury trial is enforceable, but the ultimate decision rests on whether "in light of all of the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." Moreno v. Qwest Corp., 2013 WL 2444720, *3 (D. Colo. June 5, 2013). The Tenth Circuit has not decided which party has the burden to demonstrate that a waiver of jury trial was knowing and voluntary. Hulsey v. West, 966 F.2d 579, 581 (10th Cir. 1992).

Kibby argues that Oklahoma law is substantially more protective of the right to a jury trial than federal law. The Oklahoma Constitution provides that "[t]he right of trial by jury shall be and remain inviolate, except in civil cases where the amount in controversy does not exceed [$1,500]." OKLA. CONST. art. 2, § 19. Plaintiff cites Home Vest Capital, LLC v. Bank of America, N.A., Case No. 115,897 (Okla. Civ. App. Aug. 10, 2018), for the proposition that all contractual waivers of jury trial are unenforceable in Oklahoma courts. Plaintiff also cites In re County of Orange, 784 F.3d 520 (9th Cir. 2015), in which the Ninth Circuit Court of Appeals applied a California rule that invalidated all pre-trial contractual waivers of the right to jury trial, even though the Ninth Circuit acknowledged that this was a procedural rule that would not ordinarily apply in federal court under the Erie doctrine. Kibby's argument is not persuasive for several reasons. The Oklahoma Supreme Court has granted a petition for writ of certiorari in Home Vest Capital, and the lower appellate court's ruling is not a definitive statement of Oklahoma law on this issue. Plaintiff has not shown that there is binding Oklahoma precedent that would clearly establish that Oklahoma law is actually more protective than federal law. In any event, there is no Tenth Circuit precedent suggesting that the Court should defer to state law to determine the parties' right to a jury trial in federal court, and it

does not appear that the Tenth Circuit would follow <u>In re County of Orange</u>. The Court will consider whether the jury trial waiver contained in the parties' agreement is enforceable under the knowing and voluntary standard.

The jury trial waiver is contained Article 34 of the parties' agreement, and the full provision at issue states as follows:

> **Article 34. Applicable Law, Jurisdiction and Venue**
>
> This Contract shall be governed by, and construed in accordance with the Laws of the State of Oklahoma without regard to any of its choice of law provisions. Company and Contractor hereby submit and consent to the personal jurisdiction of Federal and State Courts located in Tulsa County, Oklahoma and irrevocably waive all objections to venue in Tulsa County. Company and Contractor further agree that the Federal and State Courts in Tulsa County are the exclusive venue for any and all judicial proceedings between the parties in connection with this Contract and/or the performance (or non-performance) of Work. **THE PARTIES IRREVOCABLY WAIVE THEIR RIGHT TO A JURY TRIAL.**

Dkt. # 22-1, at 33. Kibby argues that the waiver is "buried" in the form contract utilized by Transco and Kibby's owner, Louis Kibby, claims that he was unaware that the parties' contract contained a jury trial waiver. Dkt. # 32-2, at 2. Bids for the contract were invited by Transco on November 17, 2017, and bids had to be received by Transco no later than December 15, 2017. <u>Id.</u> at 1. Kibby states that there was no formal signing of the contract at which both sides were present, and he claims that "the right to jury trial was not a bargained for term of the contract or subject to negotiation." <u>Id.</u> at 1.

Balancing all of the factors, the Court finds that the jury trial waiver should not be enforced based on the evidence offered by the parties. The waiver of jury trial is one provision of a lengthy contract and there is no evidence that Transco specifically brought the provision to Kibby's attention before the contract was signed. Transco is correct that a person is generally presumed to have read

a contract before having signed it, but one of the factors for the Court to consider is whether the waiver of jury trial was conspicuous. Walker, 2016 WL 4245487 at *2. Certain language from this provision is typed in capital letters and in bold, but many other provisions of the contract are presented in a similar manner. Kibby argues that there was a gross disparity in bargaining power and it had no opportunity to negotiate the terms of the contract, other than the amount of its bid for the contract work. Dkt. # 32, at 10. Kibby further states that Transco made last-minute changes to the contract and the contract at issue in this case was substantially longer than prior contracts it had entered with Transco. Transco responds that any disparity in bargaining power was not "gross," and Kibby was an experienced subcontractor who is not entitled to any type of presumption that would invalidate the jury trial waiver. Dkt. # 35. However, Transco offers no evidence to support its assertion concerning the disparity in bargaining power or that it would have been willing to negotiate about any of the terms in the form contract it provided to Kibby. The Court notes that some of the facts offered by Kibby are not particularly compelling, such as that Kibby was not represented by counsel or that there was no formal meeting to execute the contract. Kibby has offered no evidence that Transco discouraged Kibby from obtaining counsel or that there was anything unusual in the industry about executing the contract without a formal meeting. The Court gives significant weight to the less than conspicuous nature of the contract provision, Transco's failure to specifically advise Kibby that the contract contained a jury trial waiver, and the disparity in bargaining power between the parties, and finds that these factors weigh strongly against enforcing the jury trial waiver. It appears that Kibby was negligent in failing to fully review the contract before executing it, but the record does not support a finding that Kibby knowingly and voluntarily waived its right to a jury trial.

**IT IS THEREFORE ORDERED** that Plaintiff Transcontinental Gas Pipe Line Company, LLC's Partial Motion to Dismiss Defendant's First Amended Counterclaim for Failure to State a Claim and Brief in Support (Dkt. # 26) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff Transcontinental Gas Pipe Line Company, LLC's Motion to Strike Defendant's Jury Demand and Brief in Support (Dkt. # 27) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Amend Counterclaim (Dkt. # 31) is **denied**.

**DATED** this 8th day of August, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE